1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 17cr1818-MMA |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |
| LEOBARDO ZAMUDIO, | [Doc. No. 24] |
| Defendant. | |

16

17    Defendant Leobardo Zamudio is charged in a two-count Information with

18 importing approximately 11.66 kilograms of a mixture and substance containing a

19 detectable amount of methamphetamine and approximately 300 grams of a mixture

20 and substance containing a detectable amount of heroin, in violation of Title 21,

21 United States Code, sections 952 and 960. *See* Doc. No. 10. On August 2, 2017,

22 Defendant pleaded guilty to the charges via a written plea agreement. *See* Doc.

23 No. 16. Defendant now moves to withdraw the plea of guilty pursuant to Federal

24 Rule of Criminal Procedure 11. *See* Doc. No. 24. The government does not

25 oppose the motion.

26    A district court may permit a defendant to withdraw an accepted guilty plea

27 before sentencing if "the defendant can show a fair and just reason for requesting

28 the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant has the burden of

demonstrating a fair and just reason for withdrawal of the plea, *see id.*; however, the standard is applied liberally. *See United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998); *see also United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988) (stating that a motion to withdraw a plea pre-sentence should be "freely allowed"). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).

Here, Defendant seeks to withdraw his previously entered plea of guilty to the charges on the grounds that "[a]fter careful negotiations post-plea but before sentencing, the Government has agreed to allow Mr. Zamudio to plea to the identical charge, however, it will carry a 5-year mandatory minimum sentence," instead of the previous 10-year mandatory minimum sentence, which constitutes "a significant benefit" to Defendant. Doc. No. 24 at 3. The Court finds that this circumstance constitutes a "fair and just reason" for withdrawal of Defendant's guilty plea. Accordingly, the Court **GRANTS** Defendant's motion.

**IT IS SO ORDERED**.

DATE: March 8, 2018

HON. MICHAEL M. ANELLO
United States District Judge

17cr1818